AYERS *v.* McRAE.

Opinion delivered February 7, 1903.

MORTGAGE FORECLOSURE—IRREGULARITIES—LACHES.—Where a mortgagor, without objection, permitted his lands to be sold under a power of sale therein contained, knowing that the lands were not appraised, and that no verified statement of the account was presented to him before the sale, as required by Sand. & H. Dig., §§ 5110, 5111, and subsequently purchased a portion of the lands so sold, and made to the purchaser various propositions to repurchase the land, and waited four years, and until after the account was barred, before objecting that the sale was not properly conducted, he is guilty of such laches as will debar him from taking advantage thereof.

Appeal from Mississippi Chancery court.

EDWARD D. ROBERTSON, Chancellor.

Affirmed.

*G. W. Thomason, J. M. Moore* and *W. B. Smith,* for appellant.

The sale was invalid because there was no valid view and appraisement of the property. Cf. Sand. & H. Dig. §§ 5112-14, 5111. The appraisement should not have been made without viewing the property, and hence it is void. Conditions annexed to powers of sale must be strictly complied with. 2 Perry, Trusts, §§ 602, 611; Ping. Mort. § 1315; 13 N. Y. 200; 4 Minn. 544; 77 Mich. 280; 55 Ark. 268; 3 Gilm. 44; 10 Ia. 408; 4 Md. 124; 2 Perry, Trusts, § 602; 7 Gray 243; 2 Perry, Trusts, § 602; 38 Ark. 584; 35 Ark. 127; 79 Ill. 79; 55 Ark. 268; Ping. Mortg. § 1445.

*S. S. Semmes* and *Norton & Prewitt,* for appellees.

The action of the board of appraisers is judicial, and can only be set aside for fraud or mistake. 63 N. W. 827; 9 Enc. Pl. & Pr. 506; 64 N. W. 1113; 9 S. W. 376. It is not necessary that they actually enter the land, if, without so doing, they can determine its character and value. Freeman, Ex. § 377.

BUNN, C. J. This is a suit for trespass and taking and carrying away of timber to the value of $2,500; damages being laid at $5,000, double the value of said timber. The cause was transferred to the equity docket, and judgment and decree for plaintiff, and defendant appealed.

The controversy is over the title to the timber. The lands upon which the timber was grown, and from which it was taken by defendant, were originally the lands of the defendant. He mortgaged the same to the firm of which McRae is the surviving partner, in a deed of trust in which W. J. Booker was trustee, to secure a debt on account, as we infer; and, the debt not having been paid, the mortgage was foreclosed, and plaintiffs became purchasers of the lands at the sale had on the 8th of November, 1894. The land was never redeemed from the foreclosure sale under the power in the deed of trust. This suit was instituted on April 30, 1899.

The principal contention of the defendant is that the lands were not valued, as the law directs in such cases, before the foreclosure sale, and as a prerequisite thereto. He also avers that the account due him was not rendered by plaintiffs previously to said sale.

The sale was made on the 8th of November, 1899. The defendant was cognizant of the facts, and had notice thereof, and in fact, through his friend and agent, purchased a portion of the property included in the deed of trust and sold at the same time

with the lands upon which the trespass complained of was committed after the sale and purchase by plaintiff. He (the defendant) made no objection to the manner of the sale. He was presented with the account just before the sale, and made no objection to its correctness. Since the sale he had made propositions to purchase the lands from the plaintiff, and to settle the indebtedness, although he did not carry any of them into effect. In the meantime he cut the timber from the land, and carried the same away as charged in the complaint, and raised objection to the validity of the sale for the first time in his answer in this suit, filed on the 13th of May, 1899—four years or more after the time for redemption had expired. Whether his defense as to the irregularity of the foreclosure sale was substantial or merely technical, it is unnecessary to determine, since he is clearly guilty of laches in waiting until the account of plaintiff had become barred by statute of limitations before disclosing his purpose of making such a defense.

It would be inequitable to consider his objections to the sale, under the circumstances.

The decree is therefore affirmed.